UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREEMAN NICHOLAS CHANDLER

           CASE NUMBER: 01-80836

    Defendant,        HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA

    Plaintiff .

_____

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

**I.     INTRODUCTION**

This Motion is before the Court on Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255. The Court DENIES Defendant's Motion.

**II.    BACKGROUND**

Defendant was charged as a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1), in a Complaint filed December 20, 1999. On the same day, a state arrest warrant issued and Defendant remained in state custody until his release in December 2002. On December 19, 2002, Defendant was placed under pretrial release supervision by this Court. On January 7, 2002, Defendant filed a motion to dismiss indictment for violation of the Speedy Trial Act. The motion alleged excessive pre-indictment delay in violation of the due process clause.

On April 29, 2002, this Court adopted the Report and Recommendation of Magistrate

1

Judge Carlson, which recommended that the motion be denied. Defendant had filed objections. Defendant pled guilty on July 18, 2002. Sentencing was delayed several times at the request of the parties since Defendant was serving a state sentence. On April 25, 2003 this Court granted a petition for an arrest warrant for Defendant on the recommendation of pretrial services. The recommendation was based on Defendant's violation of his bond terms: (1) he failed to report to pretrial services; and, (2) he no longer resided at the bond address and had failed to inform pretrial services of his whereabouts. When Defendant failed to appear for sentencing on May 1, 2003, an arrest warrant issued. Defendant was arrested on July 28, 2003, and sentenced on August 19, 2003. The guideline range in the Rule 11 Plea Agreement was 21 to 27 months. However, after the Rule 11 agreement was entered into, Defendant's criminal history was found to be more substantial, placing him in a guideline range of 46 to 57 months. The Court sentenced Defendant to 30 months, which reflected an obstruction of justice enhancement for Defendant's failure to appear at his May 1, 2003 sentencing, removal of points for acceptance of responsibility and grant of the Defendant's Motion for Downward Departure.

Defendant claims ineffective assistance of counsel in violation of the Sixth Amendment on three grounds: (1) counsel failed to appeal the district court's denial of Chandler's motion to dismiss indictment for violation of the Speedy Trial Act; (2) trial counsel failed to object to a sentence above the range specified in the plea agreement; and, (3) trial counsel failed to object to an obstruction of justice enhancement.

Defendant requests that: (1) his direct appeal be reinstated and that counsel be appointed to appeal the denial of his motion to dismiss; (2) his sentence be vacated and he be re-sentenced to 21 to 27 months without the obstruction of justice enhancement.

**III.    STANDARD OF REVIEW**

28 U.S.C. §2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  To prevail on a §2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Lane v. United States*, 65 F.Supp.2d 587 (E.D.Mich. 1999) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)).  However, where the §2255 motion alleges a non-constitutional error, petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); accord *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

**IV.    APPLICABLE LAW AND ANALYSIS**

To establish ineffective assistance of counsel, Defendant must meet the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Defendant must show that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment.  Second, Defendant must show that this deficient performance was prejudicial, to the extent that there is a reasonable probability that "but for counsel's errors," the result would have been different. *Id.,* at 694.  A "reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.,* at 694. The test is strict; attorneys are entitled to a strong presumption of competence. *Strickland*, 466 U.S. at 689.

### A. FAILURE TO APPEAL DISMISSAL OF MOTION

Defendant claims ineffective assistance of counsel because his attorney failed to appeal the denial of a pretrial motion. The motion was for dismissal of Defendant's indictment due to a violation of the Speedy Trial Act. This issue concerns the deprivation of constitutional rights that allegedly occurred prior to Defendant's guilty plea. This claim fails. The Supreme Court has stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Simply stated, "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ornsby*, 252 F.3d 844, 848 (6th Cir. 2001). Ineffective assistance of counsel is non-jurisdictional. An exception to the rule stated in *Tollett* is a conditional plea under Fed.R.Crim.Proc. Rule 11(a)(2), but here, Defendant entered an unconditional guilty plea; and he did not reserve the right to raise the issue of ineffective assistance of counsel. Defendant stated at the plea hearing that he was satisfied with his attorney's representation, and he currently is not complaining of his attorney's advice concerning the plea agreement.

Even if Defendant's claim was not foreclosed by his guilty plea, Defendant has not shown that he was prejudiced by the alleged deficiencies. Defendant relies on *Roe v. Flores-*

4

*Ortega*, 528 U.S. 470, 483-84 (2002), which holds that trial counsel's failure to file a direct appeal when requested constitutes constructive denial of counsel. In *Roe*, the question before the court was whether counsel was deficient for not filing a notice of appeal when the defendant had not clearly conveyed his wishes one way or the other. *Roe*, 528 at 478. The court held that an attorney's failure to consult with his client regarding an appeal is not, *per se*, ineffective assistance of counsel. The trial court must determine whether there was an obligation to consult, which would arise if there was reason to believe either: (1) that a rational defendant would want to appeal (i.e. non-frivolous grounds for an appeal); and, (2) that the defendant reasonably demonstrated to counsel he wanted to appeal. *Roe*, 528 at 480 (*citing*, in part, *Strickland*, 466 at 690).

There is nothing in this record to suggest that the *Roe* conditions have been met. First, Defendant presents no evidence that he directed counsel to file an appeal. Defendant relies upon telephone records and a taped telephone conversation from the beginning of August 2004 as proof that he told his attorney that he wanted to appeal. However, those communications took place after Defendant's unconditional plea. Second, there is no evidence that there were apparent grounds for appeal about which counsel should have consulted Defendant. Therefore, Defendant's reliance on *Roe* is misplaced.

For the reasons stated, Defendant's claim is precluded by his unconditional Plea Agreement. Even if it was not, the claim fails the *Strickland* test.

### B. FAILURE TO OBJECT TO SENTENCE

Defendant alleges that trial counsel was ineffective because counsel failed to object to a sentence which was higher than the 21 to 27 month range specified in the Rule 11 plea

agreement.  Defendant was sentenced to prison for 30 months.  Two levels were added to Defendant's criminal conduct level for absconding -- he failed to appear for sentencing on May 1, 2003.  See §3C1.1 of the Sentencing Guidelines.  In addition, because Defendant absconded, this Court took away the two-level reduction for acceptance of responsibility which had been afforded Defendant in the Rule 11 plea agreement.  See §3E1.1 Application Note 4 of the Sentencing Guidelines.  Because of this action by the Court, Defendant was left with a net gain of five points in his offense level.

Furthermore, by the time of sentencing it had been determined that Defendant's guideline range had been miscalculated for Rule 11 purposes; Defendant's criminal history was actually greater, changing his applicable guideline range to 46 to 57 months.  Defendant was given an opportunity to withdraw his plea at sentencing on August 18, 2003; he declined.  The Court proceeded to then grant Defendant's Motion for Downward Departure because of pre-indictment delay, and to sentence Defendant to 30 months.

Defendant has not shown that counsel's failure to object to the 30 month sentence amounts to ineffective assistance.  "The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.  Counsel argued vigorously for his client; he made it a point to remind the Court that Defendant had been serving a state sentence while under federal Complaint and that had Defendant been brought before the federal court sooner, Defendant would have been much closer to having completed his term of federal incarceration because the Court could have sentenced Defendant to a concurrent term.  The Court agreed and granted a downward departure to 30 months.

Additionally, Defendant does not show that "but for counsel's unprofessional errors, the

6

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. It was Defendant's own post-plea behavior that contributed to a higher guideline range. Defendant, released on bond, failed to appear for his scheduled sentencing date of May 1, 2003. Ineffective judgment and poor choices on Defendant's part do not constitute ineffective assistance of counsel.

### C. FAILURE TO OBJECT TO OBSTRUCTION OF JUSTICE ENHANCEMENT

Defendant claims his counsel was ineffective because he failed to object to an obstruction of justice enhancement that increased the "statutory maximum of the sentencing guideline range." Def. br. at p. 8. Defendant confuses the "statutory maximum" imposed for some crimes and the "guideline maximum" set forth in the Plea Agreement. Defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where the Supreme Court stated: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The prescribed statutory maximum for this crime is ten years, and Defendant's sentence was well below that. Thus, the obstruction of justice enhancement did not increase Defendant's sentence above the statutory maximum. Defendant has no *Apprendi* argument, and this claim fails.

### V. CONCLUSION

The Court **DENIES** Defendant's Motion To Vacate Pursuant to 28 U.S.C. §2255 based on Ineffective Assistance of Counsel.

s/Victoria A. Roberts

Victoria A. Roberts

United States District Judge

Dated: September 26, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 26, 2005.

s/Linda Vertriest

Deputy Clerk

---